# EXHIBIT 1

# STATE OF TENNESSEE
# CHANCERY COURT OF FAYETTE COUNTY

### SUMMONS

ALAN BLAKE LOWE and JENNIFER LOWE,
**PLAINTIFFS**

VS.

PLANET HOME LENDING, LLC,
LLG TRUSTEE TN, LLC, and
STABLE INVESTMENTS, LLC,
**DEFENDANTS**

FILED

OCT 22 2025

TIME 10:00

NO. 19300

CLERK & MASTER

### CIVIL ACTION

**To the above Defendant(s): Planet Home Lending, LLC c/o Registered Agent: Corporation Service Company, 2908 Poston Ave., Nashville, TN 37203-1312**

You are hereby summoned and required to defend a civil action by filing your answer with the Clerk of the Court and serving a copy of your answer to the complaint on Randall J. Fishman, the Plaintiffs' attorney, whose address is Ballin, Ballin & Fishman, P.C., 200 Jefferson Ave., Suite 1250, Memphis, TN 38103

within **THIRTY (30) DAYS** after this summons has been served upon you, not including the day of service. If you fail to do so, a judgment by default may be taken against you for the relief demanded in the Complaint.

Issued this the **22nd** day of **October** 2025

_Renee Miller_

Amy Anderson, Clerk and Master / by Deputy Clerk

### NOTICE

To the Defendant (s):

Tennessee Code Annotated § 26-2-103 provides a $10,000.00 personal property exemption from execution or seizure to satisfy a judgment. If a judgment should be entered against you in this action and you wish to claim property as exempt, you must file a written list, under oath, of the items you wish to claim as exempt with the Clerk & Master. The list may be filed at any time and may be changed by you thereafter as necessary; however unless it is filed before the judgment becomes final, it will not be effective as to any execution or garnishment issued prior to the filing of the list. Certain items are automatically exempt by law and do not need to be listed; these include items of necessary wearing apparel (clothing) for yourself and your family and trunks or other receptacles necessary to contain such apparel, family portraits, the family Bible, and school books. Should any of these items be seized, you would have the right to recover them. If you do not understand your exemption right or how to exercise it, you may wish to seek the counsel of a lawyer.

### RETURN OF SERVICE OF SUMMONS

I received this summons on the _____ day of _____, 2025.

I hereby certify and return that on the _____ day of _____, 2025.

I ☐ served this summons and a complaint to the Plaintiff / Defendant (s) in the following manner: _____

_____

I ☐ failed to serve this summons within 30 days after its issuance because _____

_____

_____

Sheriff /Process Server

**IN THE CHANCERY COURT OF FAYETTE COUNTY, TENNESSEE**
**FOR THE TWENTY-FIFTH JUDICIAL DISTRICT**

ALAN BLAKE LOWE and
JENNIFER LOWE,

    Plaintiffs,

v.

PLANET HOME LENDING, LLC,
LLG TRUSTEE TN, LLC, and
STABLE INVESTMENTS, LLC,

    Defendants.

No. _19300_

*[FILED stamp: OCT 22 2025  TIME 10:00  CLERK & MASTER]*

---

**VERIFIED COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF
AND FOR DAMAGES**

---

COME NOW the Plaintiffs, ALAN BLAKE LOWE and JENNIFER LOWE, through

counsel, Randall J. Fishman, and for their Verified Complaint would state and show as follows:

1.    Plaintiffs ALAN BLAKE LOWE and JENNIFER LOWE (hereinafter "Lowes") are

adults over the age of eighteen years and are residents of Fayette County, Tennessee.

2.    Defendant PLANET HOME LENDING, LLC, is Delaware limited liability company with its

principal office located at 321 Research Parkway, Ste. 303, Meriden, CT 06450-8342.

Planet Home Lending may be served with process via its registered agent: Corporation

Service Company, 2908 Poston Ave., Nashville, TN 37203-1312.

3.    Defendant STABLE INVESTMENTS, LLC, is a domestic limited liability company with its

principal office located at 800 Shady Grove Road, Williston, TN 38076-3129. Stable

1

Investments may be served with process via its registered agent: Terry Hilliard, 800 Shady Grove Road, Williston, TN 38076.

4.   LLG TRUSTEE TN, LLC, is a domestic limited liability company with its principal office located at 10130 Perimeter Parkway, Suite 400, Charlotte, NC 28216-0034. LLG Trustee TN can be served with process via its registered agent CT Corporation System, 300 Montvue Road, Knoxville, TN 37919-5546.

5.   This Honorable Court has jurisdiction over this matter pursuant to, inter alia, T.C.A. § 16-11-101 and 16-11-102. Venue is proper in Fayette County pursuant to, inter alia, T.C.A. § 20-4-103.

FACTS

6.   This lawsuit concerns the real property commonly known as 385 Beau Tisdale Dr., Oakland TN 38060 (hereinafter "the Subject Property").

7.   The Lowes purchased the Subject Property on or about July 20, 2020. On the same date, the Lowes executed a Deed of Trust securing a loan on the Subject Property in favor of Community Mortgage Corporation in the amount of $255,771, with the Deed of Trust having been recorded in Fayette County as Instrument Number 20005431.

8.   At some point after the purchase and financing of the Subject Property by the Lowes, the ownership of the mortgage transferred to Defendant Planet Home Lending, LLC (hereinafter "Planet Home").

9.   The Lowes never missed paying a single mortgage payment on their home, up to and including payments made to Planet Home as late as Sept. 3, 2025, well *after* Planet Home had wrongfully foreclosed on the Subject Property.

10. The Lowes maintained appropriate homeowner's insurance on the Subject Property without allowing any lapse in insurance coverage and paid the property taxes on the on the Subject Property every year and on time.

11. The Lowes never defaulted on the mortgage loan and never received notice of any putative default on the mortgage loan.

12. Planet Home continued to accept payments from the Lowes even after the foreclosure.

13. Based on a falsely alleged default on the mortgage loan, Planet Home wrongfully accelerated the loan and caused a foreclosure sale of the Subject Property to be scheduled for Aug. 12, 2025 at the Fayette County Courthouse.

14. Upon information and belief, the Subject Property was sold at the foreclosure sale by the Substitute Trustee, Defendant LLG Trustee TN, LLC, (hereinafter "Substitute Trustee") to Defendant Stable Properties, LLC (hereinafter "Stable Properties"). A Substitute Trustee's Deed was recorded with Fayette County under Instrument Number 25005504.

15. At no time prior to the foreclosure sale did the Lowes receive certified notice of the foreclosure sale as required by Tenn. Code Ann. § 35-5-101, et seq.

16. In fact, the first indication that the Lowes received that there was any problem with the Subject Property or with their mortgage was being served with a detainer warrant issued by Stable Properties on or about Sept. 3, 2025. Said detainer action is currently pending in the General Sessions Court of Fayette County under docket # 2025-cv-1005.

17. Defendants' foreclosure sale was invalid as there was no default on the part of the Lowes, and Planet Home failed to give adequate notice of the foreclosure sale to the Lowes.

3

## COUNT ONE: INJUNCTIVE RELIEF

18.  Plaintiffs incorporate by reference the allegations of the preceding paragraphs as if fully set forth herein.

19.  Pursuant to Tenn. R. Civ. P. 65.03, Plaintiffs seek an immediate Temporary Restraining Order against Stable Properties enjoining it from proceeding with the pending detainer action against the Plaintiffs.

20.  Plaintiffs further seek an Order of this Court staying the detainer action now pending in General Sessions Court of Fayette County under docket # 2025-cv-1005.

21.  Unless Stable Properties is restrained by the injunctive relief sought herein, Plaintiffs will be wrongfully evicted from their home despite having never defaulted on their mortgage.

22.  Plaintiffs have no adequate remedy at law.

23.  Immediate injunctive relief to preserve the status quo will not cause substantial harm to the Defendants.

24.  Plaintiffs are likely to succeed on the merits, and the harm which will be suffered by the Plaintiffs if their requested injunctive relief is not granted substantially outweighs any potential harm to the Defendants if the injunctive relief is granted.

## COUNT TWO: SETTING ASIDE TRUSTEE SALE

25.  Plaintiffs incorporate by reference the allegations of the preceding paragraphs as if fully set forth herein.

26.  Plaintiffs were not behind on their mortgage, property taxes, or homeowner's insurance.

26.  Substitute Trustee knew or had reason to know, upon review of documentation provided

4

to it, that Plaintiffs were not in default, and that Planet Home was still accepting

payments from Plaintiffs while their loan was being accelerated and set for foreclosure.

27.    Substitute Trustee knew or had reason to know that Plaintiffs did not receive proper

notice of the foreclosure sale pursuant to Tenn. Code Ann. § 35-5-101.

28.    Substitute Trustee's management of the foreclosure was done with irregularity and

unfairness on the part of the Substitute Trustee and the mortgagee, Planet Home.

29.    Plaintiffs are therefore entitled to an order setting aside the foreclosure sale of Plaintiffs'

property.


## COUNT THREE: BREACH OF CONTRACT

30.    Plaintiffs incorporate by reference the allegations of the preceding paragraphs as if fully

set forth herein.

31.    At all relevant times hereto, Plaintiffs and Planet Home were parties to a mortgage and

Deed of Trust, creating contractual privity between the parties.

32.    Plaintiffs performed all of their obligations under the contract, including making all

mortgage payments in a timely fashion, providing requisite homeowner's insurance, and

satisfying all property tax obligations.

33.    At no time were Plaintiffs in default under the mortgage.

34.    Planet Home breached the contract by falsely declaring Plaintiffs in default and

accelerating the note, and by not giving Plaintiffs adequate notice of the foreclosure sale.

35.    As a direct result of the breach, Plaintiffs have lost their home and are subject to an

eviction action currently pending in the General Sessions Court of Fayette County.

5

36.    Plaintiffs seek actual damages of $300,000 as well as attorney fees and costs as
       permitted.


COUNT FOUR: VIOLATION OF THE FAIR DEBT COLLECTION PRACTICES ACT

37.    Plaintiffs incorporate by reference the allegations of the preceding paragraphs as if fully
       set forth herein.

38.    Plaintiffs are consumers who became indebted to Defendant Planet Home's predecessor
       in interest upon execution of the Note and remained a consumer throughout ownership of
       the Subject Property as related to the Note and Deed of Trust.

39.    The Note and Deed of Trust are consumer debts under the FDCPA (15 U.S.C. § 1692(a)).

40.    The foreclosure sale is an attempt to collect a debt under the FDCPA.

41.    Defendants Planet Home and Substitute Trustee conducting the foreclosure sale
       improperly is a violation of the FDCPA.

42.    Plaintiff requests actual damages of $300,000, statutory damages of $1,000 per violation,
       and punitive damages and attorney fees and costs as permitted under the FDCPA.


COUNT FIVE: VIOLATION OF THE TENNESSEE CONSUMER PROTECTION ACT

43.    Plaintiffs incorporate by reference the allegations of the preceding paragraphs as if fully
       set forth herein.

44.    Plaintiffs are consumers as defined under the TCPA, Tenn. Code Ann. § 47-18-101, et
       seq.

45.    The actions of Defendant Planet Home and the Substitute Trustee in the conduct of the

foreclosure sale constitute deceptive business practices under the TCPA.

46.    Due to the Defendants' actions Plaintiffs have suffered actual damages as well as legal expenses.

47.    Plaintiffs seek actual damages of $300,000, treble damages, and attorney fees and costs as permitted under the TCPA.

WHEREFORE, Plaintiffs pray for the following relief:

i.    That process issue and that these Defendants be required to answer this Verified Complaint.

ii.    That this Court issue an immediate Temporary Restraining Order enjoining Stable Properties from taking any further action to evict the Plaintiffs from their home.

iii.    That this Court issue a stay of the detainer proceedings now pending in the General Sessions Court of Fayette County under docket number 2025-cv-1005.

iv.    That this Court set aside the foreclosure sale and order that the Subject Property be vested in Plaintiffs' name and that the mortgage be deemed current.

v.    That a lien lis pendenns issue to prevent further damage to the Plaintiff in the form of further and irrevocable transfer of the Subject Property.

vi.    That Plaintiffs a money judgment in an amount not less than $300,000.

vii.    That Plaintiffs be awarded punitive damages, treble damages, and any other damages allowed under the FDCPA and/or the TCPA.

viii.    For reasonable attorney fees and costs.

ix.    For such other relief as the Court may deem necessary and proper.

7

THIS IS THE FIRST APPLICATION FOR EXTRAORDINARY RELIEF

Respectfully Submitted,

BALLIN, BALLIN & FISHMAN, P.C.

_____
Randall J. Fishman (#7907)
200 Jefferson, Suite 1250
Memphis, TN 38103
(901) 525-6278 phone
(901) 525-6294 facsimile
rfishman@bbfpc.com

*Attorney for Plaintiffs*

8

VERIFICATION

STATE OF TENNESSEE
COUNTY OF SHELBY

I, Alan Blake Lowe, being first duly sworn and under oath, state that I am the Plaintiff in
this matter, that I have read the foregoing Verified Complaint for Declaratory and Injunctive
Relief for Damages, that I am personally familiar with the facts stated therein or otherwise know
of those facts based upon diligent investigation and reports, and that the same are true and
correct based upon my present knowledge, information, and belief.

_____
ALAN BLAKE LOWE

SWORN TO AND SUBSCRI BED before me at Shelby County, Tennessee, this the 20th
day of October , 2025.

NOTARY PUBLIC

My Commission Expires: 6/28/2027

1

VERIFICATION

STATE OF TENNESSEE
COUNTY OF SHELBY

I, Jennifer M. Lowe, being first duly sworn and under oath, state that I am the Plaintiff in this matter, that I have read the foregoing Verified Complaint for Declaratory and Injunctive Relief for Damages, that I am personally familiar with the facts stated therein or otherwise know of those facts based upon diligent investigation and reports, and that the same are true and correct based upon my present knowledge, information, and belief.

JENNIFER M. LOWE

SWORN TO AND SUBSCRI BED before me at Shelby County, Tennessee, this the 20th day of October , 2025.



NOTARY PUBLIC

My Commission Expires: 6\28\2027

1

**IN THE CHANCERY COURT OF FAYETTE COUNTY, TENNESSEE
FOR THE TWENTY-FIFTH JUDICIAL DISTRICT**

ALAN BLAKE LOWE and
JENNIFER LOWE,

      Plaintiffs,

      v.                  No. 19300

PLANET HOME LENDING, LLC,
LLG TRUSTEE TN, LLC, and
STABLE INVESTMENTS, LLC,

      Defendants.

## CONSENT TEMPORARY INJUNCTION

This cause came on to be heard upon announcement by Plaintiffs' counsel, Randall J. Fishman, and Jim Crislip, counsel for Defendant Stable Investments, LLC from all of which it appears to the Court as follows:

Defendant Stable Investments, LLC was the successful bidder at a foreclosure sale of the property located at 385 Beau Tisdale Dr., Oakland, TN 38060. Plaintiffs have filed a lawsuit for a wrongful foreclosure, alleging among other things that there was no default of payments on the underlying mortgage and further taxes have been paid and insurance is in place.

It further appears to the Court that Defendant Stable Investments, LLC and Plaintiffs have agreed that a reasonable rental value on the real property is $2,200.00 per month.

It further appears to the Court that the parties further agree that the Plaintiffs shall make payments of $2,200.00 per month to the clerk of the Chancery Court of Fayette County to be held

1

pending the outcome of this litigation. In the event the Plaintiffs prevail in the litigation all rents paid into the Court shall be returned to them. Alternatively, should they not prevail the rent shall be paid to Defendant Stable Investments, LLC in consideration for the occupancy of the real property pending the outcome of this lawsuit.

In the event Plaintiffs fail to make any monthly payment to the Clerk of the Court, Defendant Stable Investments, LLC shall be authorized to file a notice of default granting ten (10) days to cure. In the event the payment is not cured within ten (10) days the eviction proceeding filed in the General Sessions Court of Fayette County Tennessee under docket #2025-CV-1005 may proceed in order to allow Defendant Stable Investments, LLC to obtain possession of the property.

IT IS THEREFORE, ORDERED, ADJUDGED AND DECREED THAT a temporary injunction be and is hereby granted by Consent enjoining Defendant Stable Investments, LLC from proceeding in the General Sessions Court of Fayette County Tennessee under docket #2025-CV-1005 to obtain possession of real property located at 385 Beau Tisdale Dr., Oakland, TN 38060, pending the outcome of this litigation.

IT IS FURTHER ORDERED, ADJUDGED AND DECREED THAT the Plaintiffs shall pay the sum of $2,200.00 per month as a reasonable rent to the Clerk of the Court on a monthly basis, the initial payment shall be on 11/1/2025 and on the first of the month thereafter during the pendency of this lawsuit. In the event that the Plaintiffs prevail, all funds paid by the Plaintiffs in the Clerk's office shall be refunded to them. In the event that the Plaintiffs do not prevail, all funds paid by the Plaintiffs in the Clerk's office shall then be released to Defendant Stable Investments, LLC. Alternatively, should the Plaintiffs default on the payments to the Clerk, and notice of default

2

being filed by Defendant Stable Investments, LLC and a failure to cure the default within ten (10) days of the notice, Defendant Stable Investments, LLC shall be allowed to proceed with the eviction proceedings in the General Sessions Court of Fayette County Tennessee under docket #2025-CV-1005.

_____
CHANCELLOR

Date: _10 - 22 - 2025_

**Filed & Entered**

OCT 2 2 2025

_S Amy Anderson_
Clerk, Deputy Court

APPROVED FOR ENTRY:

_____
Randall J. Fishman (#7907)
Ballin, Ballin & Fishman, P.C.
200 Jefferson, Suite 1250
Memphis, TN 38103
(901) 525-6278 phone
(901) 525-6294 facsimile
rfishman@bbfpc.com
*Attorney for Plaintiffs*

_____
Jim Crislip (#20718)
Crislip Philip
5170 Sanderlin Ave., Suite 201
Memphis, TN 38117
(901) 525-2427 phone
(901) 255-9306 facsimile
jim@crislipphilip.com
*Attorney for Defendant Stable Investments, LLC*

```
ATTEST A TRUE COPY

OCT 2 2 2025

S Amy Anderson
AMY ANDERSON, CLERK AND MASTER
```

3

OF THE RETURN ADDRESS, FOLD AT DOTTED LINE

**CERTIFIED MAIL**

LAW OFFICES

# BALLIN, BALLIN & FISHMAN, P.C.

200 JEFFERSON AVENUE
SUITE 1250
MEMPHIS, TENNESSEE 38103-2357

9589 0710 5270 0953 7397 02



FIRST-CLASS

US POSTAGE™ PITNEY BOWES

ZIP 38103
02 7H
0001335415

$ 011.02⁰

OCT 22 2025

Planet Home Lending, LLC c/o Registered Agent
Corporation Service Company
2908 Poston Ave.
Nashville, TN 37203-1312

## IN THE CHANCERY COURT OF FAYETTE COUNTY, TENNESSEE
## FOR THE TWENTY-FIFTH JUDICIAL DISTRICT

ALAN BLAKE LOWE and
JENNIFER LOWE,

      Plaintiffs,

v.                                    No. 19300

PLANET HOME LENDING, LLC,
LLG TRUSTEE TN, LLC, and
STABLE INVESTMENTS, LLC,

      Defendants.

### CONSENT TEMPORARY INJUNCTION

This cause came on to be heard upon announcement by Plaintiffs' counsel, Randall J. Fishman, and Jim Crislip, counsel for Defendant Stable Investments, LLC from all of which it appears to the Court as follows:

Defendant Stable Investments, LLC was the successful bidder at a foreclosure sale of the property located at 385 Beau Tisdale Dr., Oakland, TN 38060. Plaintiffs have filed a lawsuit for a wrongful foreclosure, alleging among other things that there was no default of payments on the underlying mortgage and further taxes have been paid and insurance is in place.

It further appears to the Court that Defendant Stable Investments, LLC and Plaintiffs have agreed that a reasonable rental value on the real property is $2,200.00 per month.

It further appears to the Court that the parties further agree that the Plaintiffs shall make payments of $2,200.00 per month to the clerk of the Chancery Court of Fayette County to be held

1

pending the outcome of this litigation. In the event the Plaintiffs prevail in the litigation all rents paid into the Court shall be returned to them. Alternatively, should they not prevail the rent shall be paid to Defendant Stable Investments, LLC in consideration for the occupancy of the real property pending the outcome of this lawsuit.

In the event Plaintiffs fail to make any monthly payment to the Clerk of the Court, Defendant Stable Investments, LLC shall be authorized to file a notice of default granting ten (10) days to cure. In the event the payment is not cured within ten (10) days the eviction proceeding filed in the General Sessions Court of Fayette County Tennessee under docket #2025-CV-1005 may proceed in order to allow Defendant Stable Investments, LLC to obtain possession of the property.

IT IS THEREFORE, ORDERED, ADJUDGED AND DECREED THAT a temporary injunction be and is hereby granted by Consent enjoining Defendant Stable Investments, LLC from proceeding in the General Sessions Court of Fayette County Tennessee under docket #2025-CV-1005 to obtain possession of real property located at 385 Beau Tisdale Dr., Oakland, TN 38060, pending the outcome of this litigation.

IT IS FURTHER ORDERED, ADJUDGED AND DECREED THAT the Plaintiffs shall pay the sum of $2,200.00 per month as a reasonable rent to the Clerk of the Court on a monthly basis, the initial payment shall be on 11/1/2025 and on the first of the month thereafter during the pendency of this lawsuit. In the event that the Plaintiffs prevail, all funds paid by the Plaintiffs in the Clerk's office shall be refunded to them. In the event that the Plaintiffs do not prevail, all funds paid by the Plaintiffs in the Clerk's office shall then be released to Defendant Stable Investments, LLC. Alternatively, should the Plaintiffs default on the payments to the Clerk, and notice of default

2

being filed by Defendant Stable Investments, LLC and a failure to cure the default within ten (10) days of the notice, Defendant Stable Investments, LLC shall be allowed to proceed with the eviction proceedings in the General Sessions Court of Fayette County Tennessee under docket #2025-CV-1005.

_____

CHANCELLOR

Date: _10 - 22 - 2015_

APPROVED FOR ENTRY:

_____

Randall J. Fishman (#7907)
Ballin, Ballin & Fishman, P.C.
200 Jefferson, Suite 1250
Memphis, TN 38103
(901) 525-6278 phone
(901) 525-6294 facsimile
rfishman@bbfpc.com
*Attorney for Plaintiffs*

_____

Jim Crislip (#20718)
Crislip Philip
5170 Sanderlin Ave., Suite 201
Memphis, TN 38117
(901) 525-2427 phone
(901) 255-9306 facsimile
jim@crislipphilip.com
*Attorney for Defendant Stable Investments, LLC*

**Filed & Entered**

OCT 2 2 2025

Amy Anderson
Clerk, Deputy Court

3

ORIGINAL

# STATE OF TENNESSEE
# CHANCERY COURT OF FAYETTE COUNTY

### SUMMONS

FILED

ALAN BLAKE LOWE and JENNIFER LOWE,
**PLAINTIFFS**

OCT 22 2025

**VS.**

TIME 10:00
RM
CLERK & MASTER

**NO.** 19300

PLANET HOME LENDING, LLC,
LLG TRUSTEE TN, LLC, and
STABLE INVESTMENTS, LLC,
**DEFENDANTS**

### CIVIL ACTION

**To the above Defendant(s): <u>Planet Home Lending, LLC  c/o Registered Agent:
Corporation Service Company, 2908 Poston Ave., Nashville, TN 37203-1312</u>**
You are hereby summoned and required to defend a civil action by filing your answer with the Clerk
of the Court and serving a copy of your answer to the  complaint on <u>Randall J. Fishman</u>, the
Plaintiffs' attorney, whose address is <u>Ballin, Ballin & Fishman, P.C., 200 Jefferson Ave., Suite 1250,
Memphis, TN 38103</u>
within **THIRTY (30) DAYS** after this summons has been served upon you, not including the day of
service.  If you fail to do so, a judgment by default may be taken against you for the relief demanded in the
Complaint.

Issued this the  22nd  day of  October  2025

_Renee Miller_

Amy Anderson, Clerk and Master / by Deputy Clerk

### NOTICE

To the Defendant (s):
Tennessee Code Annotated § 26-2-103 provides a $10,000.00 personal property exemption from execution or seizure
to satisfy a judgment.  If a judgment should be entered against you in this action and you wish to claim property as
exempt, you must file a written list, under oath, of the items you wish to claim as exempt with the Clerk & Master.  The
list may be filed at any time and may be changed by you thereafter as necessary; however unless it is filed before the
judgment becomes final, it will not be effective as to any execution or garnishment issued prior to the filing of the list.
Certain items are automatically exempt by law and do not need to be listed; these include items of necessary wearing
apparel (clothing) for yourself and your family and trunks or other receptacles necessary to contain such apparel, family
portraits, the family Bible, and school books.  Should any of these items be seized, you would have the right to recover
them.  If you do not understand your exemption right or how to exercise it, you may wish to seek the counsel of a
lawyer.

### RETURN OF SERVICE OF SUMMONS

I received this summons on the  28th  day of  October  2025.
I hereby certify and return that on the  28th  day of  October  , 2025.
I ☒ served this summons and a complaint to the Plaintiff (Defendant (s) in the following manner:
_Certified mail to Registered agent; see attached_
I ☐ failed to serve this summons within 30 days after its issuance because

FILED

NOV 0 4 2025

TIME 8:30
RM
CLERK & MASTER

_Diane Asbridge_
Sheriff /Process Server
Paralegal @ Ballin Ballin & Fishman



LAW OFFICES

**BALLIN, BALLIN & FISHMAN, P.C.**

200 JEFFERSON AVENUE
SUITE 1250
MEMPHIS, TENNESSEE 38103-2357

FIRST-CLASS

US POSTAGE IMI PITNEY BOWES

ZIP 38103
02 7H
0001335415    OCT 22 2025

$ 011.02⁰

9589 0710 5270 0953 7397 02

Planet Home Lending, LLC c/o Registered Agent
Corporation Service Company
2908 Poston Ave.
Nashville, TN 37203-1312

---

PLACE STICKER AT TOP OF ENVELOPE TO THE RIGHT

**SENDER: COMPLETE THIS SECTION**

■ Complete items 1, 2, and 3.
■ Print your name and address on the reverse so that we can return the card to you.
■ Attach this card to the back of the mailpiece, or on the front if space permits.

1. Article Addressed to:

Planet Home Lending, LLC c/o Registered Agent
Corporation Service Company
2908 Post Ave.
Nashville, TN 37203-1312

**COMPLETE THIS SECTION ON DELIVERY**

A. Signature
X _____   ☐ Agent
                        ☐ Addressee
B. Received by (Printed Name)    C. Date of Delivery
                                 10-28-25
D. Is delivery address different from item 1?  ☐ Yes
   If YES, enter delivery address below:        ☐ No

‖‖‖‖‖‖‖‖‖‖‖‖‖‖‖‖‖‖‖‖‖‖‖‖‖‖
9590 9402 8877 4005 9376 42

2. Article Number (Transfer from service label)

9589 0710 5270 0953 7397 02

3. Service Type
☐ Adult Signature
☐ Adult Signature Restricted Delivery
☑ Certified Mail®
☐ Certified Mail Restricted Delivery
☐ Collect on Delivery
☐ Collect on Delivery Restricted Delivery
☐ Insured Mail
☐ Insured Mail Restricted Delivery (over $500)

☐ Priority Mail Express®
☐ Registered Mail™
☐ Registered Mail Restricted Delivery
☐ Signature Confirmation™
☐ Signature Confirmation Restricted Delivery

PS Form 3811, July 2020 PSN 7530-02-000-9053                Domestic Return Receipt



# STATE OF TENNESSEE
# CHANCERY COURT OF FAYETTE COUNTY

## SUMMONS

ALAN BLAKE LOWE and JENNIFER LOWE,
**PLAINTIFFS**

FILED

**VS.**

OCT 22 2025

TIME 10:00 Pm

NO. 19300

PLANET HOME LENDING, LLC,
LLG TRUSTEE TN, LLC, and
STABLE INVESTMENTS, LLC,
**DEFENDANTS**

CLERK & MASTER

### CIVIL ACTION

**To the above Defendant(s):** <u>LLG Trustee TN, LLC c/o CT Corporation System</u>
<u>300 Montvue Rd., Knoxville, TN 37919-5546</u>

You are hereby summoned and required to defend a civil action by filing your answer with the Clerk of the Court and serving a copy of your answer to the complaint on <u>Randall J. Fishman</u>, the Plaintiffs' attorney, whose address is <u>Ballin, Ballin & Fishman, P.C., 200 Jefferson Ave., Suite 1250,</u> <u>Memphis, TN 38103</u>

within **THIRTY (30) DAYS** after this summons has been served upon you, not including the day of service. If you fail to do so, a judgment by default may be taken against you for the relief demanded in the Complaint.

Issued this the ___22nd___ day of ___October___ 2025

_Renee Miller_

Amy Anderson, Clerk and Master / by Deputy Clerk

### NOTICE

To the Defendant (s):
Tennessee Code Annotated § 26-2-103 provides a $10,000.00 personal property exemption from execution or seizure to satisfy a judgment. If a judgment should be entered against you in this action and you wish to claim property as exempt, you must file a written list, under oath, of the items you wish to claim as exempt with the Clerk & Master. The list may be filed at any time and may be changed by you thereafter as necessary; however unless it is filed before the judgment becomes final, it will not be effective as to any execution or garnishment issued prior to the filing of the list. Certain items are automatically exempt by law and do not need to be listed; these include items of necessary wearing apparel (clothing) for yourself and your family and trunks or other receptacles necessary to contain such apparel, family portraits, the family Bible, and school books. Should any of these items be seized, you would have the right to recover them. If you do not understand your exemption right or how to exercise it, you may wish to seek the counsel of a lawyer.

### RETURN OF SERVICE OF SUMMONS

I received this summons on the ___27th___ day of ___October___, 2025.
I hereby certify and return that on the ___27th___ day of ___October___, 2025.
I ☒ served this summons and a complaint to the Plaintiff / Defendant (s) in the following manner: ___certified mail to CT Corporation System; see attached___

I ☐ failed to serve this summons within 30 days after its issuance because _____

NOV 04 2025

TIME 8:30 Pm

_Diane Asbridge_
Sheriff /Process Server
Paralegal @ Ballin Ballin & Fishman



LAW OFFICES
**BALLIN, BALLIN & FISHMAN, P.C.**
200 JEFFERSON AVENUE
SUITE 1250
MEMPHIS, TENNESSEE 38103-2357

9589 0710 5270 0953 7397 19



FIRST-CLASS

US POSTAGE (IM) PITNEY BOWES

ZIP 38103
02 7H        $ 011.02⁰
0001335415   OCT 22 2025

LLG Trustee TN, LLC
CT Corporation System
300 Montvue Rd.
Knoxville, TN 37919-5546

---

PLACE STICKER AT TOP OF ENVELOPE TO THE RIGHT
OF THE RETURN ADDRESS, FOLD AT DOTTED LINE

| SENDER: COMPLETE THIS SECTION | COMPLETE THIS SECTION ON DELIVERY |
|---|---|
| ■ Complete items 1, 2, and 3. <br> ■ Print your name and address on the reverse so that we can return the card to you. <br> ■ Attach this card to the back of the mailpiece, or on the front if space permits. | A. Signature <br> X _____ ☐ Agent ☐ Addressee <br> B. Received by (Printed Name)    C. Date of Delivery |
| 1. Article Addressed to: <br><br> LLG Trustee TN, LLC <br> CT Corporation System <br> 300 Montue Rd. <br> Knoxville, TN 37919-5546 | D. Is delivery address different from item 1? ☐ Yes <br> If YES, enter delivery address below: ☐ No |
| 9590 9402 8877 4005 9376 59 | 3. Service Type <br> ☐ Adult Signature <br> ☐ Adult Signature Restricted Delivery <br> ☒ Certified Mail® <br> ☐ Certified Mail Restricted Delivery <br> ☐ Collect on Delivery <br> ☐ Collect on Delivery Restricted Delivery <br> ☐ Insured Mail <br> ☐ Insured Mail Restricted Delivery <br> (over $500) | ☐ Priority Mail Express® <br> ☐ Registered Mail™ <br> ☐ Registered Mail Restricted Delivery <br> ☐ Signature Confirmation™ <br> ☐ Signature Confirmation Restricted Delivery |
| 2. Article Number (Transfer from service label) <br> 9589 0710 5270 0953 7397 19 | |

PS Form 3811, July 2020 PSN 7530-02-000-9053            Domestic Return Receipt

ORIGINAL

# STATE OF TENNESSEE
## CHANCERY COURT OF FAYETTE COUNTY

### SUMMONS

FILED

ALAN BLAKE LOWE and JENNIFER LOWE,
**PLAINTIFFS**

OCT 22 2025

TIME _10:00_

**VS.**

PM

CLERK & MASTER

NO. 19300

PLANET HOME LENDING, LLC,
LLG TRUSTEE TN, LLC, and
STABLE INVESTMENTS, LLC,
**DEFENDANTS**

### CIVIL ACTION

To the above Defendant(s): **Stable Investments, LLC c/o Registered Agent:
Terry Hilliard, 800 Shady Grove Rd., Williston, TN 38076**

**You are hereby summoned and required to defend a civil action by filing your answer with the Clerk
of the Court and serving a copy of your answer to the complaint on** Randall J. Fishman, **the
Plaintiffs' attorney, whose address is** Ballin, Ballin & Fishman, P.C., 200 Jefferson Ave., Suite 1250,
Memphis, TN 38103

within **THIRTY (30) DAYS** after this summons has been served upon you, not including the day of
service. If you fail to do so, a judgment by default may be taken against you for the relief demanded in the
Complaint.

Issued this the _22nd_ day of _October_ _____ 2025

_Renee Miller_

Amy Anderson, Clerk and Master / by Deputy Clerk

### NOTICE

To the Defendant (s):

Tennessee Code Annotated § 26-2-103 provides a $10,000.00 personal property exemption from execution or seizure
to satisfy a judgment. If a judgment should be entered against you in this action and you wish to claim property as
exempt, you must file a written list, under oath, of the items you wish to claim as exempt with the Clerk & Master. The
list may be filed at any time and may be changed by you thereafter as necessary; however unless it is filed before the
judgment becomes final, it will not be effective as to any execution or garnishment issued prior to the filing of the list.
Certain items are automatically exempt by law and do not need to be listed; these include items of necessary wearing
apparel (clothing) for yourself and your family and trunks or other receptacles necessary to contain such apparel, family
portraits, the family Bible, and school books. Should any of these items be seized, you would have the right to recover
them. If you do not understand your exemption right or how to exercise it, you may wish to seek the counsel of a
lawyer.

### RETURN OF SERVICE OF SUMMONS

I received this summons on the _23rd_ day of _October_, 2025.
I hereby certify and return that on the _23rd_ day of _October_, 2025.
I _X_ served this summons and a complaint to the Plaintiff / Defendant (s) in the following manner:_____
_via email to attorney for Stable Investments; see attached_
I ☐ failed to serve this summons within 30 days after its issuance because_____

FILED

NOV 04 2025

TIME _8:30_

PM

CLERK & MASTER

_Diane Ashbridge_
Sheriff /Process Server

_Paralegal @ Ballin Ballin & Fishman_

## Diane Asbridge

**From:** Jim Crislip <jim@crislipphilip.com>
**Sent:** Thursday, October 23, 2025 10:18 AM
**To:** Diane Asbridge
**Cc:** Randy Fishman
**Subject:** RE: Lowe v. Planet Home Lending LLC et al

Ms. Asbridge,

This will confirm that I have accepted service on behalf of my client, Stable Investments, LLC.

Let me know if you need anything else.

Jim


Jim Crislip
Crislip Philip
Attorneys at Law
Racquet Club Plaza
5170 Sanderlin Avenue, Suite 201
Memphis, TN 38117
ph) 901-525-2427
fx) 901-255-9306

 

Confidentiality Notice
The information contained in this email and in any accompanying attachment is a confidential and privileged attorney-client communication: it is intended only for the use and of the specific individual(s) named as recipient(s). If you are not the intended recipient, or the employee or agent responsible to deliver this message to the intended recipient, you are hereby notified that any disclosure, copying, printing, re-transmitting, or distribution of the contents of this transmission is strictly prohibited. If you received this e-mail in error, please notify us immediately by telephone at (901) 525-2427 and permanently delete the copy you received. Thank you for you cooperation. This correspondence may be from a debt collector as that term is defined by federal law. If the subject matter of this e-mail involves a consumer debt in any way please be advised of the following: THIS IS AN ATTEMPT TO COLLECT A DEBT. I AM A DEBT COLLECTOR. ANY INFORMATION COLLECTED WILL BE USED FOR THAT PURPOSE.

**IF YOU RECEIVE WIRING INSTRUCTIONS FROM THIS OFFICE PLEASE CALL US TO VERIFY THE INFORMATION BEFORE SENDING THE WIRE.**

**From:** Diane Asbridge <diane@bbfpc.com>
**Sent:** Thursday, October 23, 2025 8:17 AM
**To:** Jim Crislip <jim@crislipphilip.com>
**Cc:** Randy Fishman <rfishman@bbfpc.com>

**Subject:** Lowe v. Planet Home Lending LLC et al
**Importance:** High

October 23, 2025

*VIA EMAIL SERVICE ONLY*

Re:    Alan Blake Lowe and Jennifer Lowe

     v.    Fayette County No. 19300

     Planet Home Lending, LLC,
LLG Trustee TN, LLC, and
Stable Investments, LLC

Dear Mr. Crislip:

     Per your agreement with Randall J. Fishman, attorney for the Plaintiffs, you have agreed to accept service on behalf of your client and defendant Stable Investments, LLC. I am attaching a scanned copy of the Original Summons and a service copy of the Summons for Stable Investments, LLC along with the filed stamped copy of the Verified Complaint, and a filed stamped of the Consent Temporary Injunction.

     Please respond accordingly with your acceptance of service. This email chain will be filed with the Court along with the original Summons to Stable Investments, LLC to serve as evidence of service. Thanking you in advance.

With best regards,

*Diane Asbridge*
Diane Asbridge
Paralegal to Tim Edwards, Esq.
Randall J. Fishman, Esq.
diane@bbfpc.com

Ballin Ballin & Fishman, P.C.
Suite 1250
200 Jefferson Ave.
Memphis, TN  38103-2357
901-261-8718 direct
901-525-6278 office
901-525-6294 fax

## IN THE CHANCERY COURT OF FAYETTE COUNTY, TENNESSEE,
## FOR THE TWENTY-FIFTH JUDICIAL DISTRICT

ALAN BLAKE LOWE and
JENNIFER LOWE,

     Plaintiffs,                                                    NO. 19300

PLANET HOME LENDING, LLC,
LLG TRUSTEE TN, LLC, and
STABLE INVESTMENTS, LLC,

     Defendants.

FILED
Fax
NOV 18 2025
TIME _1_ pm
CLERK & MASTER

### NOTICE OF APPEARANCE

Please take notice that Kylie Krupilski hereby enters her appearance as counsel for

Defendant, Planet Home Lending, LLC ("Defendant"), and respectfully requests notices of all

pleadings, orders, and other filings in this action. By notice of this appearance, Defendant does

not waive any right to contest jurisdiction, venue, and/or service.

          Respectfully Submitted,

          /s/ Kylie Krupilski
          Shaun K. Ramey (TN Bar #035574)
          Kylie Krupilski (practicing pursuant to
          Tenn. Sup. CT. R. 7, Section 10.07)
          McGlinchey Stafford, PLLC
          333 Commerce Street, Suite 1425
          Nashville, TN 37201
          (615) 762-9052
          (615) 296-4649
          kkrupilski@mcglinchey.com
          sramey@mcglinchey.com

## CERTIFICATE OF SERVICE

I hereby certify that a true and exact copy of the foregoing has been filed electronically with the Court and served upon the following by United States first-class mail or e-mail, postage prepaid this 18th day of November, 2025.

Randall J. Fishman (#7907)
Ballin, Ballin, & Fishman, P.C.
200 Jefferson, Suite 1250
Memphis, TN 38103
(901) 525-6278 phone
(901) 525-6294 facsimile
rfishman@bbfpc.com
*Attorneys for Plaintiffs*

Jim Crislip (#20718)
Crislip Phillip
5170 Sanderlin Ave, Suite 201
Memphis, TN 38117
(901) 525-2427 phone
(901) 255-9306 facsimile
jim@crislipphilip.com
*Attorney for Defendant Stable Investments, LLC*

*/s/ Kylie Krupilski*
Kylie Krupilski

**IN THE CHANCERY COURT OF FAYETTE COUNTY, TENNESSEE,**
**FOR THE TWENTY-FIFTH JUDICIAL DISTRICT**

---

ALAN BLAKE LOWE and
JENNIFER LOWE,

     Plaintiffs,                                                    NO. 19300

PLANET HOME LENDING, LLC,
LLG TRUSTEE TN, LLC, and
STABLE INVESTMENTS, LLC,

     Defendants.

FILED
fax
NOV 18 2025
TIME 1:03 pm
CLERK & MASTER

---

### NOTICE OF APPEARANCE

---

Please take notice that Shaun K. Ramey hereby enters his appearance as counsel for

Defendant, Planet Home Lending, LLC ("Defendant"), and respectfully requests notices of all

pleadings, orders, and other filings in this action. By notice of this appearance, Defendant does not

waive any right to contest jurisdiction, venue, and/or service.

                               Respectfully Submitted,

                               /s/ Shaun K. Ramey
                               Shaun K. Ramey (TN Bar #035574)
                               Kylie Krupilski (practicing pursuant to
                               Tenn. Sup. CT. R. 7, Section 10.07)
                               McGlinchey Stafford, PLLC
                               333 Commerce Street, Suite 1425
                               Nashville, TN 37201
                               (615) 762-9052
                               (615) 296-4649
                               sramey@mcglinchey.com
                               kkrupilski@mcglinchey.com

## CERTIFICATE OF SERVICE

I hereby certify that a true and exact copy of the foregoing has been filed electronically with the Court and served upon the following by United States first-class mail or e-mail, postage prepaid this 18th day of November, 2025.

Randall J. Fishman (#7907)
Ballin, Ballin, & Fishman, P.C.
200 Jefferson, Suite 1250
Memphis, TN 38103
(901) 525-6278 phone
(901) 525-6294 facsimile
rfishman@bbfpc.com
*Attorney for Plaintiffs*

Jim Crislip (#20718)
Crislip Phillip
5170 Sanderlin Ave, Suite 201
Memphis, TN 38117
(901) 525-2427 phone
(901) 255-9306 facsimile
jim@crislipphilip.com
*Attorney for Defendant Stable Investments, LLC*

*/s/ Shaun K. Ramey*
Shaun K. Ramey

IN THE CHANCERY COURT OF FAYETTE COUNTY, TENNESSEE
FOR THE TWENTY-FIFTH JUDICIAL DISTRICT AT SOMERVILLE

**ALAN BLAKE LOWE and**
**JENNIFER LOWE,**

      **Plaintiff,**

v.

**PLANET HOME LENDING, LLC**
**LLG TRUSTEE TN, LLC and**
**STABLE INVESTMENTS, LLC,**

      **Defendants.**

FILED

NOV 2 4 2025

TIME 9:00

CLERK & MASTER

**No. 19300**

## ANSWER TO VERIFIED COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF AND FOR DAMAGES AND CROSS COMPLAINT

COMES NOW, the Defendant, Stable Investments, LLC, LLC (hereinafter referred to as

"Stable"), by and through its attorney of record and would respond to the Complaint hereto filed as

follows:

### AFFIRMATIVE DEFENSES

1.     Stable affirmatively asserts the defense that the Complaint fails to state a claim for

which relief can be granted.

2.     Stable affirmatively asserts the defense that the Plaintiff's claims are barred by all

applicable statutes of limitation.

3.     Stable affirmatively asserts the defense of contributory and comparative negligence of

the Plaintiff and other Defendants.

4.     Stable affirmatively asserts the defense that it is a bona fide purchaser for value

without notice.

1

5.     Stable affirmatively asserts the defense that the Plaintiff is barred by the Doctrine of Estoppel in Pais also referred to as Equitable Estoppel.

6.     Stable affirmatively asserts the defense of the Doctrine of Unclean Hands.

Now in response to the specific allegations in the Complaint, Stable responds as follows:

1.     Stable is without sufficient information to admit or deny the allegations contained in paragraph one but demands strict proof thereof if its rights are to be affected thereby.

2.     Stable is without sufficient information to admit or deny the allegations against the other named defendants contained in paragraph two but demands strict proof thereof if its rights are to be affected thereby. MHVI admits that it is located in Shelby County, Tennessee and that the subject property is located in Memphis, Shelby County, Tennessee.

3.     Admitted.

4.     Stable would state that the document speaks for itself and to the extent any further response is required, MHVI is without sufficient information to admit or deny the allegations contained in paragraph four but demands strict proof thereof if its rights are to be affected thereby.

5.     Stable admits this Court has jurisdiction over matters of equity and that the venue is proper.

6.     Admitted..

7.     Stable is without sufficient information to admit or deny the allegations contained in paragraph seven but demands strict proof thereof if its rights are to be affected thereby.

8.     Stable is without sufficient information to admit or deny the allegations contained in paragraph eight but demands strict proof thereof if its rights are to be affected thereby.

2

9.    Stable is without sufficient information to admit or deny the allegations contained in paragraph nine but demands strict proof thereof if its rights are to be affected thereby.

10.    Stable is without sufficient information to admit or deny the allegations contained in paragraph ten but demands strict proof thereof if its rights are to be affected thereby.

11.    Stable is without sufficient information to admit or deny the allegations contained in paragraph eleven but demands strict proof thereof if its rights are to be affected thereby.

12.    Stable is without sufficient information to admit or deny the allegations contained in paragraph twelve but demands strict proof thereof if its rights are to be affected thereby.

13.    Stable admits that a foreclosure sale was held on August 12, 2025 but is without sufficient information to admit or deny the remaining allegations contained in paragraph thirteen but demands strict proof thereof if its rights are to be affected thereby.

14.    Admitted.

15.    Stable is without sufficient information to admit or deny the allegations contained in paragraph fifteen but demands strict proof thereof if its rights are to be affected thereby.

16.    Stable admits that it filed a detainer action in the Fayette County, Tennessee General Sessions Court but is without sufficient information to admit or deny the remaining allegations contained in paragraph sixteen but demands strict proof thereof if its rights are to be affected thereby.

17.    Stable denies that the foreclosure sale is invalid but is without sufficient information to admit or deny the remaining allegations contained in paragraph seventeen but demands strict proof thereof if its rights are to be affected thereby..

3

18.    Stable restates and reiterates its responses to the prior paragraphs.

19.    Paragraph nineteen does not require a response but to the extent that a response would be required Stable is without sufficient information to admit or deny the allegations contained in paragraph nineteen but demands strict proof thereof if its rights are to be affected thereby.

20.    Paragraph twenty does not require a response but to the extent that a response would be required Stable is without sufficient information to admit or deny the allegations contained in paragraph twenty but demands strict proof thereof if its rights are to be affected thereby.

21.    Paragraph twenty-one does not require a response but to the extent that a response would be required Stable is without sufficient information to admit or deny the allegations contained in paragraph twenty-one but demands strict proof thereof if its rights are to be affected thereby.

22.    Paragraph twenty-two does not require a response but to the extent that a response would be required Stable is without sufficient information to admit or deny the allegations contained in paragraph twenty-two but demands strict proof thereof if its rights are to be affected thereby.

23.    Paragraph twenty-three does not require a response but to the extent that a response would be required Stable is without sufficient information to admit or deny the allegations contained in paragraph twenty-three but demands strict proof thereof if its rights are to be affected thereby.

24.    Denied.

25.    Stable restates and reiterates its responses to the prior paragraphs.

26.    Stable is without sufficient information to admit or deny the allegations contained in paragraph twenty-six but demands strict proof thereof if its rights are to be affected thereby.

26 (a).  Stable is without sufficient information to admit or deny the allegations contained in

4

paragraph twenty-six (a) but demands strict proof thereof if its rights are to be affected thereby.

27.    Stable is without sufficient information to admit or deny the allegations contained in paragraph twenty-eight but demands strict proof thereof if its rights are to be affected thereby.

28.    Stable is without sufficient information to admit or deny the allegations contained in paragraph twenty-nine but demands strict proof thereof if its rights are to be affected thereby.

29.    Denied.

30.    Stable restates and reiterates its responses to all prior paragraphs.

31.    Stable is without sufficient information to admit or deny the allegations contained in paragraph thirty-one but demands strict proof thereof if its rights are to be affected thereby.

32.    Stable is without sufficient information to admit or deny the remaining allegations contained in paragraph thirty-two but demands strict proof thereof if its rights are to be affected thereby.

33.    Stable is without sufficient information to admit or deny the remaining allegations contained in paragraph thirty-three but demands strict proof thereof if its rights are to be affected thereby.

34.    Stable is without sufficient information to admit or deny the remaining allegations contained in paragraph thirty-four but demands strict proof thereof if its rights are to be affected thereby.

35.    Stable is without sufficient information to admit or deny the remaining allegations contained in paragraph thirty-five but demands strict proof thereof if its rights are to be affected thereby.

36.     No response is required to paragraph thirty-six but to the extent a response would be required, Stable is without sufficient information to admit or deny the remaining allegations contained in paragraph thirty-six but demands strict proof thereof if its rights are to be affected thereby.

37.     Stable restates and reiterates all of its responses to the prior paragraphs.

38.     Stable is without sufficient information to admit or deny the remaining allegations contained in paragraph thirty-eight but demands strict proof thereof if its rights are to be affected thereby.

39.     Stable is without sufficient information to admit or deny the remaining allegations contained in paragraph thirty-nine but demands strict proof thereof if its rights are to be affected thereby.

40.     Stable is without sufficient information to admit or deny the remaining allegations contained in paragraph forty but demands strict proof thereof if its rights are to be affected thereby.

41.     Stable is without sufficient information to admit or deny the remaining allegations contained in paragraph forty-one but demands strict proof thereof if its rights are to be affected thereby.

42.     No response is required to paragraph forty-two but to the extent that a response is required Stable is without sufficient information to admit or deny the remaining allegations contained in paragraph forty-two but demands strict proof thereof if its rights are to be affected thereby.

43.     Stable restates and reiterates all if its response to the prior paragraphs.

44.     Stable is without sufficient information to admit or deny the remaining allegations contained in paragraph forty-four but demands strict proof thereof if its rights are to be affected thereby.

45.     Stable is without sufficient information to admit or deny the remaining allegations contained in paragraph forty-five but demands strict proof thereof if its rights are to be affected thereby.

46.     Stable is without sufficient information to admit or deny the remaining allegations contained in paragraph forty-six but demands strict proof thereof if its rights are to be affected thereby.

47.     No response is required to paragraph forty-seven but to the extent that a response is required Stable is without sufficient information to admit or deny the remaining allegations contained in paragraph forty-seven but demands strict proof thereof if its rights are to be affected thereby.

Wherefore having fully answered, the Defendant, Stable Investments, LLC, prays that this action against it be dismissed with prejudice at Plaintiff's costs and that it be allowed to go hence with its proper costs and expenses and for such other relief as the Court deems just and proper.

## CROSS COMPLAINT AGAINST PLANET HOME LENDING, LLC AND LLG TRUSTEE TN, LLC

Now, having fully answered the Complaint, the Defendant, Stable Investments, LLC (hereinafter referred to as "Stable") assumes the role of Cross-Plaintiff and for cause of action against Planet Home Lending, LLC, and LLG Trustee TN, LLC would show as follows:

1.     The Cross-Defendants, Planet Home Lending, LLC and LLG Trustee TN, LLC, to the

7

extent each one was involved in causing the foreclosure to occur and/or conducting the foreclosure sale, represented to Stable that they had the legal and proper authority to convey the subject property at the time it or its agent conducted a foreclosure sale, accepted the bid amount and executed and delivered the conveyance document to Stable.

2.     If this Court determines that Planet Home Lending, LLC or LLG Trustee TN, LLC engaged in the activity alleged in the Complaint and conducted an improper foreclosure sale, they are liable to Stable for any and all damages suffered as a result of its justifiable reliance upon the representations made by them and/or their agents.

3.     In the event that Stable is deemed liable to the Plaintiffs for any damages resulting from the Cross Defendants' actions, Planet Home Lending, LLC and LLG Trustee TN, LLC, PLLC are liable to Stable for said damages.

4.     Stable hereby reserves the right to amend the Cross-Complaint as necessary pending the discovery of additional information.

WHEREFORE, PREMISES CONSIDERED, CROSS-PLAINTIFF PRAYS;

1.     That process issue on the Cross-Defendants and they be required to answer same.

2.     That in the event the original Complaint proves to be successful, Stable be awarded a judgment against Planet Home Lending, LLC and LLG Trustee TN, LLC as appropriate in an amount to be determined by the trier of fact for any and all damages suffered as a result of their wrongful acts.

3.     That Stable be awarded any other such further relief to which it may be entitled.

8

James A. Crislip (#20718)
Crislip Philip
5170 Sanderlin Avenue, Suite 201
Memphis, Tennessee 38117
(901) 525-2427
jim@crislipphilip.com

9

**STATE OF TENNESSEE**
**COUNTY OF FAYETTE**

I, the undersigned, after being duly sworn, according to law, do hereby make oath and state that the allegations contained in the foregoing Answer to Complaint and Cross-Complaint are true and correct to the best of my knowledge, information and belief.

STABLE, LLC

BY: _____

ITS: ___SOLE MEMBER___

SWORN TO AND SUBSCRIBED by me this 20 day of November, 2025.

_____
Notary Public

My Commission Expires:

9/30/28

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that a true and correct copy of the foregoing has been sent by the court's electronic notice system and/or via United States mail, postage prepaid, this 21 day of November, 2025 to:

Randall J. Fishman
Ballin, Ballin & Fishman, P.C.
200 Jefferson Ave., Ste. 1250
Memphis, TN 38103

Kylie Krupilski
McGlinchey
333 Commerce Street, Ste. 1425
Nashville, TN 37201

10

LLG Trustee TN, LLC
ATTN: Legal Department
10130 Perimeter Pkwy, Ste. 400
Charlotte, NC 28216

James A. Crislip, Jr.

# STATE OF TENNESSEE
## CHANCERY COURT OF FAYETTE COUNTY

### SUMMONS

**FILED**

Alan Lowe and Jennifer Lowe                    :

**PLAINTIFF**                                  :

                                               :    NOV 24 2025

**VS.**                                        :    TIME 9:00

                                               :    RM

Planet Home Lending, LLC, et al.               :    CLERK & MASTER    **NO.** 19300

**DEFENDANT**                                  :

### CIVIL ACTION

**To the above Plaintiff / Defendant(s):** Planet Home Lending, LLC c/o Corporation Service Company, 2908 Poston Ave., Nashville, TN 37203-1312

You are hereby summoned and required to defend a civil action by filing your answer with the Clerk of the Court and serving a copy of your answer to the complaint on James Crislip ,the Plaintiff's / Defendant's attorney, whose address is 5170 Sanderlin Ave., Ste. 201, Memphis TN 38117

within **THIRTY (30) DAYS** after this summons has been served upon you, not including the day of service. If you fail to do so, a judgment by default may be taken against you for the relief demanded in the Complaint.

Issued this the 24th day of November 2025 ~~2019~~

Renee Miller

Amy Anderson, Clerk and Master / by Deputy Clerk

### NOTICE

To the Defendant (s):
Tennessee Code Annotated § 26-2-103 provides a $10,000.00 personal property exemption from execution or seizure to satisfy a judgment. If a judgment should be entered against you in this action and you wish to claim property as exempt, you must file a written list, under oath, of the items you wish to claim as exempt with the Clerk & Master. The list may be filed at any time and may be changed by you thereafter as necessary; however unless it is filed before the judgment becomes final, it will not be effective as to any execution or garnishment issued prior to the filing of the list. Certain items are automatically exempt by law and do not need to be listed; these include items of necessary wearing apparel (clothing) for yourself and your family and trunks or other receptacles necessary to contain such apparel, family portraits, the family Bible, and school books. Should any of these items be seized, you would have the right to recover them. If you do not understand your exemption right or how to exercise it, you may wish to seek the counsel of a lawyer.

### RETURN OF SERVICE OF SUMMONS

I received this summons on the _____ day of _____, 2025 ~~2019~~.
I hereby certify and return that on the _____ day of _____, 2025 ~~2019~~.
I ☐ served this summons and a complaint to the Plaintiff / Defendant (s) in the following manner:_____
_____

I ☐ failed to serve this summons within 30 days after its issuance because_____
_____

Issued to Davidson County Sheriff

_____
Sheriff /Process Server

# STATE OF TENNESSEE
# CHANCERY COURT OF FAYETTE COUNTY

## SUMMONS FILED

Alan Lowe and Jennifer Lowe                    :

**PLAINTIFF**                                   :        NOV 2 4 2025

                                                :        TIME  9:00

**VS.**                                         :
                                                :        CLERK & MASTER  **NO.** 19300

Planet Home Lending, LLC, et al.                :

**DEFENDANT**                                   :

### CIVIL ACTION

**To the above Plaintiff / Defendant(s):** LLG Trustee TN LLC c/o CT Corporation System, 300 Montvue Rd., Knoxville, TN 37919-5546

**You are hereby summoned and required to defend a civil action by filing your answer with the Clerk of the Court and serving a copy of your answer to the complaint on** James Crislip **,the Plaintiff's / Defendant's attorney, whose address is** 5170 Sanderlin Ave., Ste. 201 Memphis, TN 38117

within **THIRTY (30) DAYS** after this summons has been served upon you, not including the day of service. If you fail to do so, a judgment by default may be taken against you for the relief demanded in the Complaint.

Issued this the 24th day of November 2025 ~~2019~~

Renee Miller

Amy Anderson, Clerk and Master / by Deputy Clerk

### NOTICE

To the Defendant (s):

Tennessee Code Annotated § 26-2-103 provides a $10,000.00 personal property exemption from execution or seizure to satisfy a judgment. If a judgment should be entered against you in this action and you wish to claim property as exempt, you must file a written list, under oath, of the items you wish to claim as exempt with the Clerk & Master. The list may be filed at any time and may be changed by you thereafter as necessary; however unless it is filed before the judgment becomes final, it will not be effective as to any execution or garnishment issued prior to the filing of the list. Certain items are automatically exempt by law and do not need to be listed; these include items of necessary wearing apparel (clothing) for yourself and your family and trunks or other receptacles necessary to contain such apparel, family portraits, the family Bible, and school books. Should any of these items be seized, you would have the right to recover them. If you do not understand your exemption right or how to exercise it, you may wish to seek the counsel of a lawyer.

### RETURN OF SERVICE OF SUMMONS

I received this summons on the _____ day of _____, 2025 ~~2019~~.
I hereby certify and return that on the _____ day of _____, 2025 ~~2019~~.

I ☐ served this summons and a complaint to the Plaintiff / Defendant (s) in the following manner:_____

I ☐ failed to serve this summons within 30 days after its issuance because_____

Issued to Knox Co. Sheriff ——————————
                                              Sheriff /Process Server

Date:  11/25/2025   11:11:40AM
User:  Renee

Fayette County Chancery Court

**Rule Docket Report**

| Rule Entry Date | Case Number | Case Style | Page Number | Rule Entry | Associated Party |
|---|---|---|---|---|---|
| 10/22/2025 09:57AM | 24CH1-2025-CV-19300 | Alan Blake Lowe (et. al) vs Planet Home Lending LLC (et. al) | | Civil Case Created | |
| 10/22/2025 09:59AM | 24CH1-2025-CV-19300 | Alan Blake Lowe (et. al) vs Planet Home Lending LLC (et. al) | | Filing Entered: Category 1 Lawsuit - Filed For Alan Blake Lowe - Filed Against Planet Home Lending LLC | |
| 10/22/2025 10:27AM | 24CH1-2025-CV-19300 | Alan Blake Lowe (et. al) vs Planet Home Lending LLC (et. al) | | Filed Verified Complaint For Declaratory And Injunctive Relief And For Damages | |
| 10/22/2025 10:30AM | 24CH1-2025-CV-19300 | Alan Blake Lowe (et. al) vs Planet Home Lending LLC (et. al) | | Summons Issued To Atty Randall Fishman For Planet Home Lending, LLC c/o Registered Agent | |
| 10/22/2025 10:32AM | 24CH1-2025-CV-19300 | Alan Blake Lowe (et. al) vs Planet Home Lending LLC (et. al) | | Summons Issued To Atty Randall Fishman for LLG Trustee TN, LLC c/o CT Corporation System | |
| 10/22/2025 10:34AM | 24CH1-2025-CV-19300 | Alan Blake Lowe (et. al) vs Planet Home Lending LLC (et. al) | | Summons Issued To Atty Randall Fishman For Stable Investments, LLC | |
| 10/22/2025 10:43AM | 24CH1-2025-CV-19300 | Alan Blake Lowe (et. al) vs Planet Home Lending LLC (et. al) | | Entered Consent Temporary Injunction (It is ordered that a temporary injunction is hereby granted by Consent enjoining Def. Stable Investments, LLC from proceeding in the General Sessions Court of Fayette County, TN under docket #2025-CV-1005 to obtain possession of real property located at 385 Beau Tisdale Dr., Oakland, TN  38060, pending the outcome of this litigation. It is ordered that the Plaintiffs shall pay the sum of $2,200.00 per month as a reasonable rent to the Clerk of the Court on a monthly basis, the initial payment shall be on 11/1/2025 and on the first of the month thereafter during the pendency of this lawsuit. etc...   WCC | |
| 10/29/2025 09:38AM | 24CH1-2025-CV-19300 | Alan Blake Lowe (et. al) vs Planet Home Lending LLC (et. al) | | Jennifer Lowe Paid $2200.00 10-29-25 Put in court funds held. /rm | |
| 11/04/2025 10:25AM | 24CH1-2025-CV-19300 | Alan Blake Lowe (et. al) vs Planet Home Lending LLC (et. al) | | Summons Served to Stable Investments via Email to the Attorney for Stable Investments 10-23-25/ 11-4-25 | |
| 11/04/2025 10:30AM | 24CH1-2025-CV-19300 | Alan Blake Lowe (et. al) vs Planet Home Lending LLC (et. al) | | Summons Served To LLG Trustee TN, LLC c/o CT Corporation System By Certified Mail 10-27-25/ 11-4-25 | |
| 11/04/2025 10:40AM | 24CH1-2025-CV-19300 | Alan Blake Lowe (et. al) vs Planet Home Lending LLC (et. al) | | Summons Served To Planet Home Lending LLC by Certified Mail to Registered Agent 10-28-25/ 11-4-25 | |
| 11/18/2025 01:02PM | 24CH1-2025-CV-19300 | Alan Blake Lowe (et. al) vs Planet Home Lending LLC (et. al) | | Notice of Appearance--Kylie Krupilski for defendant Planet Home Lending LLC | |
| 11/18/2025 01:07PM | 24CH1-2025-CV-19300 | Alan Blake Lowe (et. al) vs Planet Home Lending LLC (et. al) | | Notice of Appearance--Shaun Ramey for defendant Planet Home Lending LLC | |
| 11/24/2025 10:12AM | 24CH1-2025-CV-19300 | Alan Blake Lowe (et. al) vs Planet Home Lending LLC (et. al) | | Filing Entered: Counter Complaint / Cross Filing - Filed For Stable Investments, LLC - Filed Against Alan Blake Lowe | |
| 11/24/2025 10:28AM | 24CH1-2025-CV-19300 | Alan Blake Lowe (et. al) vs Planet Home Lending LLC (et. al) | | Filed Answer To Verified Complaint For Declaratory And Injunctive Relief And For Damages And Cross Complaint | |

Date: 11/25/2025  11:11:40AM

Fayette County Chancery Court

User:  Renee

Page 2 of 2

**Rule Docket Report**

| Rule Entry Date | Case Number | Case Style | Page Number | Rule Entry | Associated Party |
|---|---|---|---|---|---|
| 11/24/2025  10:32AM | 24CH1-2025-CV-19300 | Alan Blake Lowe (et. al) vs Planet Home Lending LLC (et. al) | | Summons Issued To Davidson County Sheriff For Planet Homes Lending LLC c/o Corporation Service Company | |
| 11/24/2025  10:37AM | 24CH1-2025-CV-19300 | Alan Blake Lowe (et. al) vs Planet Home Lending LLC (et. al) | | Summons Issued To Knox County Sheriff's Office For LLG Trustee TN LLC c/o CT Corporation System | |

Sworn to before me the 25th November, 2025.

_____ , Clerk

_____ , D.C.